IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-102-BO

| | |
|---|---|
| FREDERICK MAASCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| NANCY A. BERRYHILL, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on July 24, 2017, in Raleigh, North Carolina. For the reasons discussed below, this matter is remanded to the Acting Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. Plaintiff protectively filed his application on March 8, 2013, alleging disability beginning September 30, 2011. After initial denial, a hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

2

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. See 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's osteoarthritis of the right knee and degenerative disc disease were considered severe impairments at step two, but were not found alone or in combination to meet or equal a listing at step three. Plaintiff's depression was considered non-severe by the ALJ. The ALJ concluded that plaintiff had the RFC to perform light work with additional exertional limitations. The ALJ then found that plaintiff was unable to return to his past relevant work, but that, considering plaintiff's age, education, work experience, RFC, and testimony from the vocational expert ("VE"), there were other jobs that existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled within the meaning of the Act.

The ALJ's decision in this instance is not supported by substantial evidence. An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a). An RFC should reflect the most that a claimant can do, despite the claimant's limitations. *Id.* An RFC finding should also reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). The ALJ found plaintiff capable of light exertional work with no mental limitations. Tr. 16. At the hearing, the ALJ asked the VE to assume a hypothetical person of the plaintiff's age, education and past relevant work experience and who was limited to light work except never to climb ladders, ropes or scaffolding, and to avoid concentrated exposure to hazards and extreme temperature. Tr. 51. The VE testified that given all of these factors the individual would be able to perform the requirements of representative light occupations such as return goods sorter, checker, and merchandise marker and sedentary jobs such as alarm adjuster, lens sorter, and telephone information clerk. Tr. 52. The VE was not asked by the ALJ to consider any mental limitations in his answer.

The Fourth Circuit has found that in Social Security disability cases, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (citing *Hines v. Bowen*, 872 F.2d 56, 59 (4th Cir.1989)). "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Radford* at 295 (citing *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

In this case, the ALJ committed error by failing to adequately consider plaintiff's mental conditions in making a determination whether such conditions are severe and whether those conditions constituted non-exertional limitations. If an opinion from a treating source is well-supported by and consistent with the objective medical evidence in the record, it may be entitled to controlling weight. 20 C.F.R. §§ 404.1527(c), 416.927(c). Where an opinion is inconsistent with other evidence in the record, the ALJ need not give that opinion any significant weight. *Id.*; *see also Craig v. Chater*, 76 F.3d at 585, 590 (4th Cir. 1996) ("[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."). However, ALJ's decision to do so must be accompanied by "a narrative discussion" that discusses "how the evidence supports each conclusion," such that the ALJ's decision is sufficiently specific to make it clear to a reviewing district court "why the opinion was not adopted." *See* SSR 96-8p.

Recognizing plaintiff's lack of insurance and inability to afford treatment, the ALJ stated that lack of treatment evidence would not be held against plaintiff. Specifically, the ALJ stated, "[a]ccordingly, the undersigned does not find that any lack of treatment makes claimant less credible, nor does the undersigned view any lack of treatment in a negative light." Tr. at 25. However, in discussing why he found plaintiff's depression to be a non-severe condition, it appears that part of the ALJ's justification for this finding was because "treatment records in evidence do not reveal that claimant received any outpatient treatment from mental health professionals." Tr. at 22. Using a lack of specialized mental health treatment as evidence of a lack of mental limitation in this case was in error.

Additionally, the ALJ improperly disregarded evidence from plaintiff's treating physician as to his mental limitations. Plaintiff's treating physician, Dr. Warhaftig, noted several times that

5

plaintiff was affected by and suffering functional limitations due to his depression and anxiety. Tr. 227, 229, 331, 304, 309. This treating physician additionally prescribed medication for plaintiff to deal with his depression and suicidal thoughts, Tr. 309, and recommended that plaintiff pursue treatment from a psychiatrist. Tr. 229. However, and as recognized by the ALJ, plaintiff was unable to do so because he was unable to afford it. Thus, Dr. Warhaftig's treatment notes do indicate abnormal clinical findings, contrary to the ALJ's finding and reason for giving Dr. Warhaftig's opinion little weight. Tr. at 28.

For these reasons, the ALJ improperly disregarded plaintiff's depression and the limitations imposed by it when assessing plaintiff's residual functional capacity to work. Because it was disregarded outright, the ALJ consequently failed to adequately consider any non-exertional limitations that plaintiff is experiencing. The failure of the ALJ to mention or weigh the above evidence and testimony in determining whether plaintiff's conditions were severe or whether they constituted non-exertional limitations was in error. "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Radford* at 295 (citing *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). Therefore, the result of the ALJ's failures to address or weigh the above evidence in accordance with the principles discussed was not harmless error and the matter should be remanded for further consideration.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 15] is GRANTED and defendant's motion for judgment on the pleadings [DE 17] is DENIED. The decision of the ALJ is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this ___ day of August, 2017.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE